**NOT FOR PUBLICATION**                                                               **CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FELTON LEE, | x | |
| | x | Hon. Stanley R. Chesler, U.S.D.J. |
| Plaintiff, | x | Civ. No. 09-5656 (SRC) |
| v. | x | |
| | x | **OPINION AND ORDER** |
| ROBIN OAK, ELISE JOHNSON, MARIE JOSE, TOMIKA SCOTT, NATALIE WARD, TOMMY BROOKS, YVONNE JONES, JEAN CRAWFORD, JOAN CRAWFORD, CELLING COOP, | x | |
| Defendants. | x | |

Chesler, U.S.D.J.,

This matter comes before the Court on the application of pro se Plaintiff Felton Lee ("Plaintiff" or "Lee") to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915. However, having thoroughly reviewed Plaintiff's allegations, the Court will dismiss the Complaint for lack of subject matter jurisdiction.

This Court must have either federal question jurisdiction or diversity jurisdiction. The enabling statue for federal question jurisdiction, 28 U.S.C. § 1331, provides that district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Here, there is no assertion that Plaintiff's Complaint meets the requirements for federal

question jurisdiction.  Plaintiff simply alleges that defendants have stolen his property, committed fraud and breach of contract.

The Complaint also fails to demonstrate diversity jurisdiction.  The enabling statute for diversity jurisdiction, 28 U.S.C. § 1332, provides that no defendant is a citizen of the same state as any plaintiff, and the amount in controversy exceed $75,000.  By alleging $90,000 in damages, Plaintiff has adequately met the amount in controversy requirement.  The diversity of citizenship requirement, however, has not been met.

A natural person is deemed to be a citizen of the state where he is domiciled.  Gilbert v. David, 235 U.S. 561, 569 (1915).  A corporation is a citizen both of the state where it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332©.  Here, Plaintiff and most, if not all, Defendants are citizens of the State of New Jersey.  As Plaintiff and Defendants are citizens of the same state, the Complaint fails to demonstrate diversity jurisdiction.

II.  Conclusion

As the Complaint fails to demonstrate that this Court possesses proper subject matter jurisdiction, the Complaint will be dismissed;

**IT IS** on this 13th day of November, 2009,

**ORDERED** that Plaintiffs' application to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. §1915(a); and it is further

**ORDERED** that the Clerk of the Court is hereby directed to file the Complaint in this action without pre-payment of the filing fee; and it is further

**ORDERED** that Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE** on the Court's own motion pursuant for failure to demonstrate subject matter jurisdiction; and it is further

**ORDERED** that this case is **CLOSED**.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: November 13, 2009